UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HOWARD STEELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-1039-SEB-MJD |
| | ) | |
| OFFICE OF THE MARION COUNTY PROSECUTOR, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY AND NOTICE**

For the reasons explained below, the Court intends to enter judgment in favor of the defendant pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

**I.   Procedural History**

On December 13, 1993, a jury found Howard Steele guilty of rape, criminal deviate conduct, battery, criminal confinement and robbery. Steele's victim knew him because she is his aunt. *Steele v. State*, 672 N.E.2d 1348, 1350 (1996) (affirming convictions). Steele is now incarcerated at an Indiana prison, serving his sentence. In this action, he sues the Office of the Marion County Prosecutor alleging that the State's refusal to provide him with the DNA test results he seeks violates his Fourteenth Amendment right to due process. Dkt. 1-1 at p. 7. Steele states that this action is brought pursuant to 42 U.S.C. § 1983 to challenge the "State appellate procedures [because] those procedures clearly violate the Due Process Clause. . . ." Dkt. 1-1 at p. 8. Steele seeks an order compelling the State to provide him with all DNA test results and medical records regarding his criminal conviction in cause number 49G039302-CF-018105. Dkt. 1-1 at p. 9 and 10.

This action was removed by the defendant from Marion Superior Court to this Court. Discovery commenced. See e.g., dkt. 77. The defendant then moved for summary judgment in its favor. The defendant argued that it was entitled to judgment as a matter of law because Steele's claims were untimely, he designated no evidence to support a *Monell* claim, and his claims are barred by the principles of *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court denied the motion for summary judgment because it did not address the claim raised in the complaint. That is, a challenge to Indiana's "State appellate procedures [because] those procedures clearly violate the Due Process Clause. . . ." Dkt. 1-1 at p. 8 (referencing *Skinner v. Switzer*, 131 S.Ct. 1289, 1293 (2011)). Subsequent briefing to better understand the liberty interest at stake in this case followed. For the reasons explained below, the Court now intends to enter judgment as a matter of law in favor of the defendant.

**II.     Discussion**

The Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amdt. 14, § 1; accord Amdt. 5. This Clause imposes procedural limitations on a State's power to take away protected entitlements. *See, e.g., Jones v. Flowers*, 547 U.S. 220, 226–239 (2006). In *Skinner,* 131 S.Ct. 1289, a case referenced in Steele's complaint, the Supreme Court held that a post-conviction claim for DNA testing may be properly pursued in a § 1983 action and is not barred by either the *Rooker-Feldman* doctrine or *Heck*. The Court held that federal-court subject-matter jurisdiction existed over Skinner's claim that the Texas post-conviction DNA statute "as construed" by the Texas appellate courts denied him procedural due process. The Court held, however, that its prior decision in *District Attorney's Office for Third Judicial Dist. v. Osborne,* 557 U.S. 52 (2009), severely limits the federal action a state prisoner may bring for DNA testing. Specifically, *Osborne* held that an offender did not have a right under the Due Process Clause to obtain post-conviction access to the State's evidence for

DNA testing, rejected the extension of substantive due process to this area, and left slim room for the offender to show that the governing state law denies him procedural due process. It is for this reason that Steele's claim that the due process clause requires that the State release any DNA evidence is rejected. No such freestanding right exists. *Id.* at 72.

In addition, the supplements filed July 8, 2014, and December 9, 2014, fail to identify any inadequacy in the state-law procedures available to Steele. He states only that the State's refusal to provide him with the exculpatory DNA evidence violates procedural due process. He then lists his efforts to obtain the evidence he seeks. Dkt. 101 at p. 1-3. It is Steele's burden to demonstrate the inadequacy of the state-law procedures available to him in state postconviction relief. *District Attorney's Office for Third Judicial Dist. v. Osborne,* 557 U.S. 52, 71 (2009). But, there is no statute or rule governing any adverse state court decision identified in this action which may be challenged as a procedural due process violation in this Court. In other words, there is no factual allegation which suggests that the governing state law, Indiana Code § 35-38-7 et. seq., as interpreted by the Indiana courts denies Steele procedural due process.[1] These procedures are

---

[1] Indiana Code § 35-38-7-8 provides:

> After complying with section 7 of this chapter, the court shall determine whether the petitioner has presented prima facie proof of the following:
>
> (1) That the evidence sought to be tested is material to identifying the petitioner as:
>
> > (A) the perpetrator of; or
> > (B) an accomplice to;
> >
> > the offense that resulted in the petitioner's conviction.
>
> (2) That a sample of the evidence that the petitioner seeks to subject to DNA testing and analysis is in the possession or control of either:
>
> > (A) the state or a court; or
> > (B) another person, and, if this clause applies, that a sufficient chain of custody for the evidence exists to suggest that the evidence has not been substituted, tampered with, replaced, contaminated, or degraded in any material aspect.

adequate on their face. In fact, Steele's September 21, 2001, request for release of medical records was granted on September 25, 2001. *See Steele v. State,* Cause No. 49G03-9302-CF-018105 (Marion Superior Court, Criminal Division Three); dkts. 101-4 and 101-5. Thus, it appears that Steele's request for medical records in this case is frivolous because he previously obtained a state court order providing that such records be disclosed to his attorney. That order was directed to St. Francis Hospital because the records sought were pretrial discovery no longer in the possession of the State or Steele's trial counsel. No due process violation can be supported by these facts.

Similarly, as a practical matter, the DNA test results of Rape Kit #4409, associated with cause number 49G039302-CF-018105 (which may have been previously produced to Steele's criminal trial lawyer, see dkt. 102, 101-4 and 101-5) are no longer in the defendant's possession. This finding is supported by counsel's response to the Court's order to submit the DNA test results *ex parte* for *in camera* review. Dkt. 102 (signed under Rule 11 of the Federal Rules of Civil Procedure). In other words, access to the evidence sought by Steele has either been granted in state

---

(3) The evidence sought to be tested:

    (A) was not previously tested; or
    (B) was tested, but the requested DNA testing and analysis will:

        (i) provide results that are reasonably more discriminating and probative of the identity of the perpetrator or accomplice; or

        (ii) have a reasonable probability of contradicting prior test results.

(4) A reasonable probability exists that the petitioner would not have:

    (A) been:

        (i) prosecuted for; or
        (ii) convicted of;

    the offense; or

    (B) received as severe a sentence for the offense;

if exculpatory results had been obtained through the requested DNA testing and analysis.

court or is no longer available.

To the extent the complaint could be understood to suggest that a due process protection is created by *Brady v. Maryland*, 373 U.S. 83 (1963), this suggestion is rejected. *See Skinner,* 131 S.Ct. at 1300. The Supreme Court has specifically declined to find that due process requires prosecutors to disclose material exculpatory evidence to the defendant in the postconviction context. *Osborne*, 557 U.S. at 69. Such claims are necessarily barred by *Heck* and outside the province of § 1983. *Skinner,* 131 S.Ct. at 1300.

### III. Further Proceedings

The parties are now notified that pursuant to Rule 56(f) absent any timely objection, summary judgment will be entered in favor of defendant Office of the Marion County Prosecutor on grounds not raised by either party. First, Steele's request for his victim's medical records was previously granted by the state court and there is no evidence that the medical records or DNA test results Steele seeks are available from the defendant. (Dkts. 101-4 and 101-5). Second, there is no legal basis to conclude that the governing state law, Indiana Code § 35-38-7 et. seq., as interpreted by the Indiana Court's denies Steele procedural due process. Steele has failed to identify anything inadequate about the procedures Indiana has provided to vindicate its state right to DNA evidence in certain post-conviction circumstances.

The parties shall have **through February 2, 2015,** in which to file any objection or otherwise respond to this proposed ruling along with any admissible evidence (not already in the record) necessary to support the objection or the Court's proposed determination. Given the age of this case, and the voluminous briefing, no extensions of time should be anticipated.

**IT IS SO ORDERED.**

Date: 1/8/2015

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

HOWARD STEELE
875796
WABASH VALLEY - CF
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel