# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HOWARD STEELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-1039-SEB-MJD |
| | ) | |
| OFFICE OF THE MARION COUNTY PROSECUTOR, | ) | |
| | ) | |
| Defendant. | ) | |

### Entry Granting Summary Judgment in Favor of the Defendant and Directing the Entry of Final Judgment

In this action, plaintiff Howard Steele sues the Office of the Marion County Prosecutor alleging that the State's refusal to provide him with the DNA test results he seeks violates his Fourteenth Amendment right to due process. Dkt. 1-1 at p. 7. Steele states that this action is brought pursuant to 42 U.S.C. § 1983 to challenge the "State appellate procedures [because] those procedures clearly violate the Due Process Clause. . . ." Dkt. 1-1 at p. 8. Steele seeks an order compelling the State to provide him with all DNA test results and medical records regarding his criminal conviction in cause number 49G039302-CF-018105. Dkt. 1-1 at p. 9 and 10.

For the reasons set forth in the Entry of January 8, 2015, the Court now enters judgment in favor of the defendant pursuant to Rule 56(f) of the *Federal Rules of Civil Procedure*. Steele's objections filed on January 27, 2015, are overruled.

As stated in this Court's prior Entries, *District Attorney's Office for Third Judicial Dist. v. Osborne,* 557 U.S. 52 (2009), severely limits the federal action a state prisoner may bring for DNA testing. Specifically, *Osborne* held that an offender did not have a right under the Due Process

Clause to obtain post-conviction access to the State's evidence for DNA testing, rejected the extension of substantive due process to this area, and left slim room for the offender to show that the governing state law denies him procedural due process. It is for this reason that Steele's claim that the due process clause requires that the State release any DNA evidence is rejected. *Id.* at 72. There is no evidence that the state has disregarded the Steele's rights to DNA evidence under Indiana law. *See* Indiana Code § 35-38-7, et. seq. The fact that the trial court may have erroneously construed his petition as an unauthorized second or successive petition for post-conviction relief is not enough to state a due process violation. The appropriate step in such a case is to file an appeal in state court, not to initiate a federal action. Under these circumstances, whether DNA evidence exists which has not been disclosed to Steele is immaterial.

Steele has not come forward with a viable due process claim and the defendant is entitled to judgment as a matter of law on this basis. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/12/2015

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

HOWARD STEELE
875796
WABASH VALLEY - CF
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel